The application of Roy James Cox for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.

James WINFIELD, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–14342.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1967.

James Winfield, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

James Winfield, O.S.P. No. 75216, filed in this Court on June 19, 1967 his application for writ of habeas corpus, alleging that he is unlawfully and illegally held in prison by the Respondent, warden of the state penitentiary.

Petitioner, hereinafter referred to as defendant, further alleges that on March 31, 1967 a complaint was filed in the district court of Beckham County, charging him with "forgery on count 1 and manslaughter on count 2", and that he entered a plea of guilty "on both counts". He states further in his petition that he "was tricked into entering such plea of guilty through promises that he would be given not more than one year on each count", and that the same was to run concurrently. That instead, the court imposed sentences of not less than two years nor more than seven on the forgery count, and "not less than four years nor more than four years for manslaughter"; and he contends that this was a denial of equal protection and due process of law. He prays that he "be restored to his rightful and lawful liberty forthwith".

Subsequent to filing his petition, defendant filed an instrument styled "Motion for Order of Appeal", in which he states that in the event his petition for writ of habeas corpus is denied, he moves for an order of appeal, as provided by Title 22 O.S.A. § 1073, which is the statute providing for a post conviction appeal.

To these pleadings, with permission of the Court, the Attorney General has filed a response, to which he attaches a complete transcript of the proceedings had in the district court of Beckham County on March 31, 1967.

This transcript shows that this defendant was charged, on March 10, 1967, in four separate cases: No. 1798, forgery in the second degree; No. 1799, manslaughter first degree; No. 1800, manslaughter first degree; and No. 1801, forgery in the second degree, after former conviction of a felony.

The record recites that on March 31, 1967 the accused appeared with his personally employed attorney (whom the Court recognizes as a most reputable and capable attorney of the Beckham County Bar), and announced that he desired to change his plea from not guilty, and enter in lieu thereof a plea of guilty, in each of the four cases.

The record clearly shows that the trial judge specifically questioned the defendant on each case separately, in order to assure that he was changing his plea voluntarily, and of his own free will without any form of inducement. In each case, the defendant entered his plea of guilty himself personally; and, in each case he specifically and knowingly waived his right to a jury trial.

It is most evident also, that prior to passing judgment and sentence, the court properly advised the defendant that he was entitled to a twenty-four hour delay before judgment and sentence was passed. The trial judge stated, "Now, under the law, we are supposed to set judgment and sentence at least two days later and if you wish we can set it at a later date or today". The defendant replied, "Go ahead today". The trial judge then inquired further, "You want to waive time?", to which the defendant responded, "Yes".

From the record before this Court, it is quite obvious that the defendant clearly understood and knew that he was confronted with four separate charges. On March 10, 1967 the defendant standing in the presence of the County Judge of Beckham County, who was sitting as committing magistrate, appeared with his employed attorney and waived reading of the informations, waived his right to a preliminary hearing on each charge, entered a plea of not guilty to each charge, and waived the reading of the former conviction of felonies information against him. Thereafter, when he was arraigned before the district judge, he requested to withdraw his plea of not guilty to each charge, and to enter a plea of guilty to each of the charges.

It should be pointed out that for this defendant to fail to understand that he was faced with four separate charges, the defendant would have to be completely ignorant. We believe that he did understand that one charge was for second degree forgery, two were for manslaughter first degree, and the fourth was for second degree forgery, after former conviction of felonies. But he alleges in this petition that there

were only two counts, one being for forgery, and the other being for manslaughter.

We believe, also, that it should be pointed out that the informations alleging manslaughter in the first degree, to which the defendant entered his pleas of guilty, arose out of an automobile accident. It was alleged that the defendant was driving while under the influence of intoxicating liquor, at an estimated speed of 100 miles per hour, in a 70 mile per hour speed zone, when the accident occurred. As the result of the automobile accident, two persons died.

In support of the "after former conviction of felony" charge, it was shown to the court that this defendant was convicted in September, 1958 in the district court of Beckham County for the offense of larceny of an automobile and was sentenced to serve three years in the state penitentiary; and that on July 17, 1963 this defendant was convicted in district court No. 84, Hutchinson County, Texas, for the offense of theft of property of the value of over $50, and was sentenced to serve three years in the Texas state penitentiary.

When the judge asked the assistant district attorney for his recommendations concerning the sentences to be imposed, he recommended that the defendant be sentenced to serve two years on the first charge of second degree forgery, four years each on the two manslaughter charges, and seven years on the second degree forgery after former conviction of felony charge.

Thereafter, but before judgment and sentence was passed, the Judge turned to the defendant's attorney and asked him: "All right. Mr. Ivester, is there anything else?" In response to the Judge's question, the defense counsel made the following statement:

"Of course, in the manslaughter cases, I appreciate the recommendation of four years. For the reason that there is a very serious question in the minds of our doctors in Amarillo as to whether or not he was actually driving. *However, he and I have talked it over* and since he was in the car and the State's evidence did in-

dicate he was driving we think four years is fair. · I thought seven years is maximum on forgery and *he has agreed to seven years because he is guilty* but he does need medical attention and needs it bad. And if this doesn't reform him, I think, Jim, you will spend the rest of your life in the pen." (Emphasis added.)

The court then asked the assistant district attoney, "What's your recommendation on them running concurrent?", to which he responded, "I recommend that they all run concurrent". Then, speaking to the defendant the court asked, "Does that sound fair to you?" and the defendant answered, "Yes".

Thereafter the court passed judgment and sentence for each case, as recommended by the assistant district attorney.

In face of the record before this Court, the defendant's contention that he "was tricked into entering such guilty pleas" does not impress this Court. We believe that if there was any trickery in these matters, it was the result of the defendant's own actions in an apparent effort and hope to later hoodwink the courts into believing he is a neophyte in criminal matters. However, in this respect, he is betrayed by his own past record; and he fails to recognize the thorough manner in which the trial judge conducted his hearings, as well as the court's knowledge of the defense counsel's integrity and capability.

■■ This Court finds from the record that the defendant was represented throughout by competent counsel, who not only advised with the defendant but also the defendant's parents. It is sufficiently shown that the defendant's constitutional rights were explained to him, as well as his right to an appeal and what he should do to accomplish such an appeal. Likewise, it is most apparent that his attorney discussed

with him, prior to his appearance before the Honorable District Judge, the sentence which would be recommended in each case, by the assistant district attorney.

■■ We are of the opinion that the district court of Beckham County clearly had jurisdiction of the person of the defendant, jurisdiction of the crimes with which he was charged; and that the court did not exceed its authority in fixing punishment in any of the four cases. And,. further, that none of the sentences imposed on the defendant were excessive.

■ We therefore conclude that the defendant, petitioner herein, is not entitled to . be released from confinement in the state penitentiary by writ of habeas corpus.. We therefore deny such writ.

■ We further conclude that the trial court properly and timely advised the petitioner herein of his right to an appeal, the manner in which he could obtain such an appeal, and the steps which the statute required to perfect such an appeal; and that petitioner has failed to meet any of the statutory requirements in order to perfect an appeal from his judgments and sentences. complained of in his petition.

We are therefore of the opinion that insofar as the petitioner has failed to show he was denied any of his constitutional rights,. that he is not entitled to a "Post Conviction Appeal", as prayed for in his "Motion for Order of Appeal".

We are also of the opinion that this. petitioner did receive equal protection and' due process of law, and that his complaints. are without merit.

For the reasons herein stated, the petition for writ of habeas corpus is denied, and the motion for post conviction appeal is likewise denied.

NIX, P. J., and BUSSEY, J., concur.